FILED

JUN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARIANTO HARIANTO, | No. 06-71968 |
| Petitioner, | Agency No. A096-364-614 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Harianto Harianto, a native and citizen of Indonesia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant in part and deny in part the petition for review, and we remand.

The record does not compel the conclusion that changed or extraordinary circumstances excused Harianto's untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Harianto's asylum claim fails.

Substantial evidence supports the agency's determination that Harianto's experiences of harassment, discrimination, and physical attacks did not rise to the level of persecution. *See Wakkary,* 558 F.3d at 1059-60. However, in his brief to the BIA, Harianto argued he had a fear of future persecution on account of his Chinese ethnicity and Christian religion. The agency did not consider Harianto's application for withholding of removal under the disfavored group analysis. In light of our decision in *Wakkary*, we remand for the BIA to assess Harianto's withholding of removal claim under the disfavored group analysis in the first instance. *Id.* at 1067; *see also Tampubolon v. Holder*, 598 F.3d 521, 526-27 (9th Cir. 2010).

Substantial evidence supports the agency's denial of CAT relief because Harianto failed to establish it is more likely than not that he will be tortured upon return to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Each party shall bear its own costs for this petition for review.

**PETITION GRANTED in part; DENIED in part; and REMANDED.**